### Alex Friend, trading as Alex Friend & Company, Defendant in Error, v. Henry Melvin Mahin and Ella Louise Mahin, Plaintiffs in Error.

### Gen. No. 21,550.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. John C. WORK, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1915. Reversed with finding of facts. Opinion filed November 14, 1916.

### Statement of the Case.

Action by Alex Friend, trading as Alex Friend & Company, plaintiff, against Henry Melvin Mahin and Ella Louise Mahin, defendants, in the Municipal Court of Chicago, to recover a broker's commission. To reverse a judgment for plaintiff for two hundred and twenty dollars and costs, defendants prosecute this writ of error.

Plaintiff procured one Tibbles to contract with defendants for the purchase of defendants' real estate, the contract agreeing to furnish a complete merchantable abstract of title, and to convey a good and mer-

*See **Illinois Notes Digest,** Vols. **XI** to **XV,** and **Cumulative Quarterly,** same topic and section number.

chantable title. Finding that the building on the land encroached on adjoining land, Tibbles refused to perform, and the contract was canceled by mutual consent. There was evidence that the encroachment had existed continuously for twenty-four years. There was also evidence that plaintiff, as trustee, had sold the property to defendants, and that a survey was made by plaintiff, showing the encroachment, of which he informed defendants.

BENTLEY, BURLING & SWAN, for plaintiffs in error; WILLARD BROOKS, of counsel.

HARRY C. LEVINSON, for defendant in error; LEO W. HOFFMAN, of counsel.

MR. JUSTICE McGOORTY delivered the opinion of the court.

## Abstract of the Decision.

1. APPEAL AND ERROR, § 1772*—*when joint judgment must be reversed.* If a joint judgment is erroneous as to one of the defendants it must be reversed as to the other.

2. APPEAL AND ERROR, § 1041*—*how assignments of error to be considered where judgment is joint.* On writ of error to reverse a joint judgment, the assignments of error are to be considered as joint and several, or joint or several, according to the nature of the error assigned, and as affecting the respective plaintiffs in error.

3. BROKERS, § 88*—*when evidence shows broker chargeable with knowledge of encroachment.* In an action to recover a broker's commission, where the purchaser secured for defendant by plaintiff declined to carry out the contract because he learned that the building on the land sold encroached on adjoining land, evidence *held* to sustain the finding of the court trying the case without a jury that plaintiff was chargeable with knowledge of the encroachment before he procured such purchaser.

4. VENDOR AND PURCHASER, § 138*—*when purchaser not bound to accept title.* Where a contract to sell land covenants to convey a

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Cermak v. American Surety Co. of N. Y. et al., 202 Ill. App. 42.

good and merchantable title thereto, the purchaser is not bound to perform where the title to part of the land rests merely on adverse possession.

5. Brokers, § 46*—*when broker not entitled to recover.* A broker *held* not entitled to recover a commission where he did not present to the owner a purchaser who entered into a valid, binding and enforceable contract.